UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ARTHUR M. GERMAN and RONNIE S. GERMAN,    Docket #2:24-cv-07168

                Plaintiffs,

    -against-

FAIRFIELD PROPERTIES GROUP LLC, FAIRFIELD
CEDARHURST LLC, LEONARDO MORENO, DAVID
MORENO, and DAVID NOBILE,

                Defendants.
-----------------------------------------------------------x

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1
STATEMENT OF FACTS ......................................................................................................1
   *The Relevant Parties and Background* ..............................................................................1
   *The Prior State Court Proceeding* ....................................................................................2
   *This Action* ........................................................................................................................2
LEGAL ARGUMENT ............................................................................................................3
   *The Standard on this Fed R Civ P 12(b)(6) Motion to Dismiss* .......................................3
POINT 1 ...................................................................................................................................4
***The FHA Claim for Failure to Accommodate Should be Dismissed*** ......................................4
   *Case Law Requires the Plaintiffs to Assert Factual Predicates to State a Disability Discrimination Claim* ........................................................................................................4
   *Plaintiff's FHA Claim Lacks the Required Factual Predicates* .......................................5
   *The FHA Claim is Barred by the Statute of Limitations* ..................................................7
POINT 2 ...................................................................................................................................7
***The Eight (8) State Law Claims Should be Dismissed*** .........................................................7
   *The Negligence Claim (Second Count) Must be Dismissed as Duplicative of the Contract Claim* ..................................................................................................................8
   *The Counts for Infliction of Emotional Distress Should be Dismissed* ...........................8
   *Plaintiffs' Breach of Contract Claim Fails because there was no Contract between or among the Parties* ............................................................................................................10
   *'Strict Liability' is not Applied to a Landlord's Alleged Failure to Repair* ..................10
   *Plaintiffs' Claim for Battery (Ninth Count) should be Dismissed* .................................11
   *The Nuisance Claim (Third Count) should be Dismissed as Duplicative of the Contract Claim* .................................................................................................................12
   *The Claim for Trespass (Fourth Count) should be Dismissed* .....................................13
CONCLUSION ..................................................................................................................... 13

TABLE OF AUTHORITIES

**Cases**

*Alitalia Linee Aeree Italiane v. Airline Tariff Publ. Co.*, 580 F Supp 2d 285, 293 [SDNY 2008].. 8
*Altz v. Leiberson*, 233 N.Y. 16, 134 N.E. 703 (Cardozo J. 1922) ...................................... 10
*Andrews v. Bruk*, 220 A.D.2d 376 (2nd Dept. 1995).......................................................... 8
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)........................................................ 3
*Buckeye Pipeline Co. v. Congel-Hazard, Inc.* [appeal No. 1], 41 A.D.2d 590, 590 [4th Dept. 1973] .................................................................................................................................. 13
*Cicek v. Green Station Auto Servs. Inc.*, No. 2:23-CV-5448 (NJC)(ARL), 2024 WL 2258312, at *3 (E.D.N.Y. May 17, 2024) ................................................................................................. 4
*Collins v. Noss* 283 N.Y. 595, 28 N.E.2d 20 ......................................................................11
*Collins v. Noss*, 258 A.D. 101, 15 N.Y.S.2d 475................................................................11
*Colon-Jimenez v.GR Mgmt. Corp.*, 218 F. App'x 2, 3 (1st Cir. 2007) ................................. 5
*Copart Indus. v. Consolidated Edison Co. of N.Y.,* 41 N.Y.2d 564, 570.............................. 12
*Ellis v. DiChiara*, 38 A.D.2d 780, 328 N.Y.S.2d 36 (1972).................................................. 10
*Fair Hous. Justice Ctr., Inc. v. Cuomo,* 2018 US Dist LEXIS 163276 [SDNY Sep. 10, 2018, No. 18-CV-3196 (VSB) ........................................................................................................ 6
*Fair Housing Justice Center, Inc. v. JDS Development LLC*, 443 F. Supp. 3d 494, 500 (S.D.N.Y. 2020) ................................................................................................................................... 7
*Fugazy v. Corbetta*, 34 A.D.3d 728, 729 (2006) ................................................................11
*Good Shephard Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 561 (7th Cir. 2003)........ 4
*Graupner v. Roth*, 293 A.D. 2d 408, 408-410 (1st Dept. 2002)........................................... 9
*Hamilton v. Westchester County.*, 3 F.4th 86, 91 (2d Cir. 2021) ......................................... 3
*Henrietta D. v. Bloomberg*, 331 F.3d 261, 276 (2d Cir. 2003).............................................. 4
*Hollandale Apts. & Health Club, LLC v. Bonesteel*, 100 N.Y.S.3d 711, 2019 N.Y. App. Div. LEXIS 3703, 2019 NY Slip Op 03718, 2019 WL 2031263 ..................................................... 6
*Howell v. New York Post Co.*, 81 N.Y.2d 115, 121 (1993)................................................... 8
*Iqbal*, 556 U.S. at 678 ........................................................................................................ 3
*Mancuso v. Town of Alden*, 224 A.D.3d 1235, 1238 (2024) ............................................... 13
*Melendez v. City of New York*, 16 F.4th 992, 1010 (2d Cir. 2021) ...................................... 3
*Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 303 (1983)................................. 9
*Olsen v. Stark Homes, Inc.,* 759 F3d 140, 156 [2d Cir 2014] .............................................. 6
*Rocke v. 1041 Bushwick Ave. Assoc., Inc.*, 169 A.D.2d 525 (1st Dept 1991) .................... 9
*Salute v. Stratford Greens Garden Apartments*, 136 F.3d 293, 301 (2d Cir. 1998) ............ 4
*Sommer v. Fed. Signal Corp.*, 79 NY2d 540, 551 (1992).................................................... 8
*Stoliker v. Crandall*, 25 N.Y.2d 991, 305 N.Y.S.2d 506, 253 N.E.2d 219 (1969) ................ 10
*Taggart v. Costabile*, 131 A.D.3d 243, 247 (2015) ............................................................. 12
*Taylor v. HarbourPointe Homeowners Ass'n*, 690 F.3d 44, 49 (2d Cir. 2012) .................... 5
*Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 573 (2d Cir. 2003)......................... 4, 5

**Statutes**

42 U.S.C. § 3604(f)(3)(B) .................................................................................................... 4
42 U.S.C. § 3613(a)(1)(A) .................................................................................................... 7
section 78, MDL .................................................................................................................. 10

**PRELIMINARY STATEMENT**

The Complaint herein in its first three numbered paragraphs emphasizes that this action arises out of Plaintiffs' anger at their landlord over "mold, bugs, [and] pests" in their apartment and the landlord's lackadaisical plan to remediate and make repairs.[1] What is ordinarily a fact pattern seen in state court lawsuits (or in local housing court proceedings) for breach of lease, is now in this Court under a theory of violation of the Federal Fair Housing Act -- the putative conduit to Federal Court jurisdiction.

**STATEMENT OF FACTS**

*The Relevant Parties and Background*

Plaintiffs reside at 236 Cedarhurst Avenue, apartment 14B, in Cedarhurst, New York (the "Premises"). According to a last owner deed recorded with the County Clerk of Nassau County (**Exhibit "A"**), the Premises has been owned by a non-party - Cedarhurst Court LLC - since June 27, 2012.

The Plaintiffs are suing in part for breach of a lease agreement to which no named defendant is a party (**Exhibit "B"**). None of the parties to this action is party to any agreement with Plaintiffs, lease or otherwise.

Plaintiffs' Complaint alleges a dispute with their landlord over the speed and manner of repairs to a leak condition in the Premises going back before October of 2023 (*see, e.g.,* Complaint, at paras. 1, 2. 3. 48, 49, 50, 51, and 52). In the year leading up to the filing of this action, Plaintiffs' attorney, Steven German, the son of the plaintiffs, communicated with the non-represented management at the building where the Premises is located about the leaks, inspected the Premises

---

[1] Plaintiffs' counsel has failed to name as a defendant the owner of the subject premises or the landlord.

1

for his parents, made difficult the landlord's attempts to resolve the leak condition, and became a direct witness to all of his parents' alleged injuries, the alleged environmental condition of the Premises, and alleged oral statements from their landlord and its representatives.

*The Prior State Court Proceeding*

In June of 2024, four months prior to filing this action, Plaintiffs commenced a state court proceeding in Supreme Court, Nassau County seeking an order compelling an immediate pre-action deposition of Plaintiff Arthur German (the "State Court Proceeding"). Plaintiff's papers in support of that proceeding (**Exhibit "C", Verified Petition at paragraph 4, Attorney Affirmation at paragraph 5, Plaintiff Affidavit at paragraph 14 (sic)**) identified the Plaintiffs' claims against the Defendants as breach of contract, negligence, private nuisance, intentional infliction of emotional distress, trespass, battery, negligent infliction of emotional distress, and a cause of action Plaintiffs' counsel calls 'strict liability'. The requested order was issued and Plaintiff Arthur German was deposed on July 25, 2024. The transcript of his sworn testimony is found at **Exhibit "D".**

At his deposition, Plaintiff Arthur German testified under oath that his repairs dispute with his landlord and the leak history at the Premises went back six years. **Exhibit "D",** p. 27. Nowhere in his testimony does he testify to a disability, or mention discrimination, or identify any request he may have made for an accommodation linked to his disability.

*This Action*

The nine claims in this newly filed Federal Court matter include the same eight claims that Plaintiffs and their counsel identified in the State Court Proceeding: negligence (Second Count), private nuisance (Third Count), trespass (Fourth Count), strict liability (Fifth Count), intentional infliction of emotional distress (Sixth Count), negligent infliction of emotional distress

(Seventh Count), breach of contract (Eighth Count), and battery (Ninth Count). The purported basis for federal jurisdiction, however, is the new Fair Housing Act claim (First Count) for the Defendants' failure to make repairs to a leak condition to Plaintiffs' Premises.

Plaintiffs now have named as Defendants two corporate entities that have nothing to do with the Premises or the Plaintiffs (Fairfield Properties Group LLC and Fairfield Cedarhurst LLC) and three non-owner employees (Leonardo Moreno, David Ford, and David Nobile) who perform maintenance when asked to do so by their employers.

On November 7, 2024, this Court granted Defendants' letter motion for a pre-motion conference, dispensed with the conference, and set a briefing schedule mandating this motion to be made by November 27, 2024. This motion followed.

## LEGAL ARGUMENT

*The Standard on this Fed R Civ P 12(b)(6) Motion to Dismiss*

To avoid dismissal under Rule 12(b)(6), a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Green*, 16 F.4th at 1076–77 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In determining if a claim is sufficiently plausible to withstand dismissal," a court "accept[s] all factual allegations as true" and "draw[s] all reasonable inferences in favor of the plaintiffs." *Melendez v. City of New York*, 16 F.4th 992, 1010 (2d Cir. 2021) (citation and brackets omitted). Nevertheless, a court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester County.*, 3 F.4th 86, 91 (2d Cir. 2021) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quotation marks and citations omitted). A complaint fails to state a claim "if it tenders naked assertions devoid of further factual

3

enhancement." *Id.* (quotation marks, and citations omitted); *Cicek v. Green Station Auto Servs. Inc.*, No. 2:23-CV-5448 (NJC)(ARL), 2024 WL 2258312, at *3 (E.D.N.Y. May 17, 2024).

# POINT 1
## The FHA Claim for Failure to Accommodate Should be Dismissed

### Case Law Requires the Plaintiffs to Assert Factual Predicates to State a Disability Discrimination Claim

To establish discrimination under the Fair Housing Act ("FHA"), Plaintiffs have three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation. *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 573 (2d Cir. 2003), *superseded by regulation on other grounds*. Reading liberally the Complaint in the case at Bar, Plaintiffs appear to be proceeding on a 'refusal to make a reasonable accommodation' theory.

The FHA requires a housing provider to make reasonable accommodations in rules, policies, practices, or services, "when such accommodations may be necessary to afford [a handicapped] person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). "[T]he duty to make reasonable accommodations is framed by the nature of the particular handicap." *Salute v. Stratford Greens Garden Apartments*, 136 F.3d 293, 301 (2d Cir. 1998). Thus, the FHA is "addressed to 'rules . . . that hurt [people with disabilities] *by reason of their handicap*, rather than that hurt them solely by virtue of what they have in common with other people.'" *Henrietta D. v. Bloomberg*, 331 F.3d 261, 276 (2d Cir. 2003) (alterations in original) (quoting *Good Shephard Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 561 (7th Cir. 2003)).

A plaintiff must, of course, give the defendant "an opportunity to accommodate her," meaning that "[t]he defendants must have had an idea of what accommodation [was] sought prior to their incurring liability for failing affirmatively to grant a reasonable accommodation." *Taylor*

*v. HarbourPointe Homeowners Ass'n*, 690 F.3d 44, 49 (2d Cir. 2012) (citing *Tsombanidis*, 352 F.3d at 578–79). Related to this, a plaintiff must provide the defendant an explanation of how a request for an accommodation is related to a plaintiff's disability before being liable for failing to honor the request. *See Colon-Jimenez v.GR Mgmt. Corp.*, 218 F. App'x 2, 3 (1st Cir. 2007) ("A routine or mundane request, such as a request to transfer to a different apartment, does not rise to the level of a request for a reasonable accommodation unless the plaintiff specifically explains how the accommodation requested is linked [to the specific disability]"). *See, e.g., Higgins v 120 Riverside Boulevard at Trum Place Condominium*, Case 1:21-cv-04203-LJL (SDNY Nov. 19, 2021) (Liman, J.) ("Because Plaintiff has failed to plead facts showing that she gave such an explanation or otherwise indicated that she was requesting an accommodation, she has not adequately pleaded an essential element of her failure-to-accommodate claim.") (copy attached at **Exhibit "E"**).

*Plaintiff's FHA Claim Lacks the Required Factual Predicates*

The Plaintiffs have not alleged in a non-conclusory form that they made a request for a reasonable accommodation, the substance of the request, when it was made, or to whom it was made. Further, nowhere is it alleged in the Complaint how the unidentified request was linked to either Plaintiff's alleged (and unspecified) disability, or that such linkage was made clear to any of the Defendants. Whether analyzed under federal or state law, these critical factual predicates are the *sine qua non* of a failure to accommodate discrimination claim. Finally, as a matter of law, a failure by a defendant to make an apartment repair on a plaintiff's timeframe is not the equivalent of a request by a plaintiff for a reasonable accommodation.

What non-conclusory facts found in the Complaint tie any of the Defendants to discriminatory conduct under the FHA? The question is rhetorical; there are none. For example, this Court is challenged even with several readings of the Complaint to identify who defendants

Nobile (mentioned by name in only two paragraphs of the Complaint), Moreno (mentioned by name in only four paragraphs of the Complaint), or Ford (mentioned by name in only five paragraphs of the Complaint) are, or what they did to the Plaintiffs. As non-owner employees of corporate entities, the lack of substantive allegations against Nobile, Moreno, and Ford is unsurprising. The Court also will readily note the wholly conclusory nature of the allegations against the two corporate entities, their intrinsically non-factual character, and their non-response to the critical factual predicates above.

Indeed, nowhere in the 175-paragraph Complaint do the Plaintiffs allege anything factual that remotely answers those questions. Specifically, nowhere in the Complaint do Plaintiffs allege facts showing:

> (i) that they needed an accommodation to enjoy the dwelling as a result of their disability;
>
> (ii) that they requested an accommodation;
>
> (iii) what the accommodation was;
>
> (iv) to whom the accommodation was requested;
>
> (v) when the accommodation was requested;
>
> (vi) how the accommodation was reasonable and necessary to Plaintiffs' enjoyment of the Premises in light of their disability; and
>
> (vii) that the request for an accommodation was denied.

*See, e.g., Olsen v. Stark Homes, Inc.,* 759 F3d 140, 156 [2d Cir 2014]; *see Fair Hous. Justice Ctr., Inc. v. Cuomo,* 2018 US Dist LEXIS 163276 [SDNY Sep. 10, 2018, No. 18-CV-3196 (VSB)])." *Hollandale Apts. & Health Club, LLC v. Bonesteel*, 100 N.Y.S.3d 711, 2019 N.Y. App. Div. LEXIS 3703, 2019 NY Slip Op 03718, 2019 WL 2031263.

In light of these omissions, Plaintiffs' claim for violation of the FHA (First Count) should be dismissed.

*The FHA Claim is Barred by the Statute of Limitations*

An equally meritorious ground for dismissal of the FHA claim is the statute of limitations, which is two years "after the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). *Fair Housing Justice Center, Inc. v. JDS Development LLC*, 443 F. Supp. 3d 494, 500 (S.D.N.Y. 2020). The Fair Housing Act, 42 U.S.C.S. § 3601 *et seq.,* provides that an aggrieved person has two years from the occurrence or termination of an alleged discriminatory practice in which to commence a civil action. 42 U.S.C.S. § 3613(a)(1)(A). Therefore, the discriminatory practice complained of in this action must have occurred *after* October 11, 2022 for Plaintiffs' FHA claim to be timely. Yet, paragraph 2 of the Complaint pins the start date of the Defendants' alleged misconduct to "more than" two years before the date of the Complaint. Indeed, plaintiff Arthur German confirmed this time bar during his July 2024 State Court Proceeding deposition when he testified that, "[t]he water leaked. It goes back *maybe six years* that we were trying to get somebody to recognize what was going on here." **Exhibit "D",** p. 27 (emphasis added).

Thus, even assuming the Defendants were the owner of the Premises or the landlord of the Plaintiffs, the disability discrimination claim herein is time-barred.

## POINT 2
### *The Eight (8) State Law Claims Should be Dismissed*

In the absence of any viable federal claim in this case, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims. Nonetheless, for completeness the state law claims are addressed herein. These claims are breach of contract, negligence, private

nuisance, intentional infliction of emotional distress, trespass, battery, negligent infliction of emotional distress, and a cause of action Plaintiffs' counsel calls 'strict liability'.

*The Negligence Claim (Second Count) Must be Dismissed as Duplicative of the Contract Claim*

The Court of Appeals has made it clear that a plaintiff cannot sue in negligence when she fails to allege a violation of a legal duty independent of a contract. *See Sommer v. Fed. Signal Corp.*, 79 NY2d 540, 551 (1992) ("…merely alleging that a breach of a contract duty arose from the lack of due care will not transform a simple breach of contract into a tort. In short, and as applicable to the Complaint herein, negligence will not lie where an agreement governs the parties' repair obligations. *Cf. Alitalia Linee Aeree Italiane v. Airline Tariff Publ. Co.*, 580 F Supp 2d 285, 293 [SDNY 2008]) ("To bring a tort action alongside a contract claim, the alleged breach of duty must be distinct from, or in addition to, the breach of contract").

Plaintiffs assert (wrongly, more of which *anon*) a breach of contract claim against these Defendants. The alleged contract is a lease which governs the repair obligations which Plaintiffs use for their negligence cause of action. **Exhibit "B".**

Thus, Plaintiffs' negligence claim (Second Count) should be dismissed.

*The Counts for Infliction of Emotional Distress Should be Dismissed*

The Sixth and Seventh Counts in the Complaint purport to state claims for intentional and negligent infliction of emotional distress. The elements of infliction of emotional distress are, (1) extreme and outrageous conduct, (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress, (3) causation, and (4) severe emotional distress. *See Howell v. New York Post Co.*, 81 N.Y.2d 115, 121 (1993); *Andrews v. Bruk*, 220 A.D.2d 376 (2nd Dept. 1995). The subject conduct must be " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable

in a civilized community' ". *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 303 (1983), quoting Restatement [Second] of Torts § 46, Comment d. The 'failure to make an effective repair' allegations contained in Plaintiff's Sixth and Seventh Counts fail to allege conduct so outrageous as to go beyond all possible bounds of decency; thus, both the claim for intentional infliction of emotional distress and the claim for negligent infliction of emotional distress are dismissible as a matter of law. *See Graupner v. Roth*, 293 A.D. 2d 408, 408-410 (1st Dept. 2002).

In *Graupner v. Roth*, 293 A.D. 2d 408, 408-410 (1st Dept. 2002), the Appellate Division was faced with aggressive conduct by a landlord against a tenant-occupant of residential premises. Plaintiff there was a rent stabilized tenant in defendant's building and sued for infliction of emotional distress, alleging that defendant caused her extreme anxiety through, among other things, refusing to repair a collapsed bathroom ceiling, constructively evicting her from the apartment, refusing to return her keys to the apartment, and endangering her ability to receive senior citizen rent increase exemption benefits by failing to timely offer her a renewal lease.

The First Department dismissed the emotional distress claim, holding that, "[t]he isolated landlord-tenant disputes and breach of contract claims cited by plaintiff do not, even viewed cumulatively, amount to conduct even close to approaching the threshold of outrageousness needed to support a cause of action for intentional infliction of emotional distress [citations omitted]". *Graupner,* at 408-410. Similarly, in *Rocke v. 1041 Bushwick Ave. Assoc., Inc.*, 169 A.D.2d 525 (1st Dept 1991), the First Department found no emotional distress where it was determined that a superintendent carried the plaintiff-tenant's belongings from the hallway (where her ex-husband had placed them after a fight with plaintiff), to the building's basement, and changed the apartment door lock.

Assuming *arguendo* the truth of the Plaintiffs' allegations, the Complaint presents this Court with tenants angered by their landlord's slow and inefficient attempts to address Plaintiff's complaints about leaks and mold. Such allegations, even if true, do not constitute a claim under New York law for infliction of emotional distress.

Thus, Plaintiffs' Sixth and Seventh Counts for infliction of emotional distress should be dismissed.

*Plaintiffs' Breach of Contract Claim Fails because there was no Contract between or among the Parties*

Plaintiffs wrongly assert the existence of a contract among the parties (Complaint, para. 162), an allegation flatly contradicted by their own lease agreement at **Exhibit "B"**. None of the five defendants is a party to the lease agreement and none is an owner of the Premises. Deed, **Exhibit "A"**. On an FRCP 12(b)(6) motion, the Court is not required to accept as true facts alleged by the Plaintiffs flatly contradicted by uncontroverted evidence.

Thus, the breach of contract claim (Eighth Count) should be dismissed.

'S*trict Liability' is not Applied to a Landlord's Alleged Failure to Repair*

Under New York law, the duty of a landlord to keep the leased premises in good repair does not impose liability without fault, and in this regard the courts have refused to treat the landlord as an insurer of the tenant's safety. *Ellis v. DiChiara*, 38 A.D.2d 780, 328 N.Y.S.2d 36 (1972). *Stoliker v. Crandall*, 25 N.Y.2d 991, 305 N.Y.S.2d 506, 253 N.E.2d 219 (1969). *Altz v. Leiberson*, 233 N.Y. 16, 134 N.E. 703 (Cardozo J. 1922).

It is unclear in the pleading what statute, rule, case, or contract Plaintiffs believe imposes strict liability on a landlord (*i.e.,* liability without notice or foreseeability) for a failure to make effective repairs. Counsel for Defendants can find no such precedent. Indeed, the applicable state law applicable to a landlord's duty is New York's Multiple Dwelling Law (*viz.,* section 78, MDL),

and that law does not require landlords to make the premises absolutely safe for use. Instead, the test to be applied is whether the premises are reasonably safe for the use intended. *Collins v. Noss,* 258 A.D. 101, 15 N.Y.S.2d 475, *aff'd* 283 N.Y. 595, 28 N.E.2d 20.

Thus, because strict liability does not apply to a landlord's failure to make repairs to an apartment, Plaintiff's Fifth Count for strict liability should be dismissed.

*Plaintiffs' Claim for Battery (Ninth Count) should be Dismissed*

"The elements of a cause of action [to recover damages] for battery are bodily contact, made with intent, and offensive in nature." *Fugazy v. Corbetta*, 34 A.D.3d 728, 729 (2006)[citations omitted].

In the Ninth Count, Plaintiffs assert a claim for battery, arising from "Plaintiffs' exposure to contaminated water, mold, mildew, odors, and airborne contaminants." Complaint, para. 170. New York law makes clear, however, that while a claim for battery need not allege the intent to cause injury, it must allege in non-conclusory form the intent to cause physical contact. The Restatement of the Law, *Torts* 2d, § 16, states in pertinent part at pages 27–28:

> "Character of Intent Necessary
>
> "(1) *If an act is done with the intention of inflicting upon another* an offensive but not a harmful bodily contact, or of putting another in apprehension of either a harmful or offensive bodily contact, and such act causes a bodily contact to the other, the actor is liable to the other for a battery although the act was not done with the intention of bringing about the resulting bodily harm." (emphasis added).

There is no non-conclusory allegation in Plaintiff's Ninth Count which asserts that requisite intent, to wit, that Defendants intended to have unspecified amounts of mold, water, and contaminants come in contact with Plaintiffs' bodies.

Thus, the Ninth Count for battery should be dismissed.

*The Nuisance Claim (Third Count) should be Dismissed as Duplicative of the Contract Claim*

The elements of a private nuisance cause of action are: "(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (*Copart Indus. v. Consolidated Edison Co. of N.Y.,* 41 N.Y.2d 564, 570, citing Restatement [Second] of Torts § 822; *Taggart v. Costabile,* 131 A.D.3d 243, 247 (2015).

However, where the nuisance complained of arises from the same facts that constitute the breach of contract, then the nuisance claim will be dismissed as duplicative of the contract claim. *Calderoni v. 260 Park Ave. S. Condo.*, 220 A.D.3d 563, 564 (1st Dept. 2023) (action for private nuisance should be dismissed as duplicative because "the facts which form the basis of the nuisance claim stem entirely from the [defendant] Board's contractual obligations" to make repairs [citation omitted]").

In this case, Plaintiffs' claimed nuisance (Third Count) arises wholly from Defendants' alleged failure to repair and address obligations under a certain lease agreement. **Exhibit "B"**. Tellingly, Plaintiffs claim the nuisance flows from "the water damage and flooding of the Premises and Defendants' failure to timely, safely, and properly remediate and restore same". Complaint, para. 104. In this connection, Defendants' "failures" are failures to comply with alleged duties in the lease agreement. Complaint, paras. 163 and 164. So, but for nomenclature, the nuisance claim is duplicative of the contract claim.

Thus, Plaintiffs' Third Count for nuisance should be dismissed.

*The Claim for Trespass (Fourth Count) should be Dismissed*

Plaintiffs claim that an "invasion" of the Premises by water and flooding constitutes an actionable trespass. Plaintiffs' allegations, however, fail to include the requisite elements of such a cause of action.

"Trespass is an intentional harm" and, for the trespasser to be liable, they "must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what [they] willfully do [ ], or which [they] do[ ] so negligently as to amount to willfulness". *Buckeye Pipeline Co. v. Congel-Hazard, Inc.* [appeal No. 1], 41 A.D.2d 590, 590 [4th Dept. 1973] [internal quotation marks omitted]). *Mancuso v. Town of Alden*, 224 A.D.3d 1235, 1238 (2024). Plaintiffs' Fourth Count contains no non-conclusory allegation of willfulness, most likely because Plaintiffs cannot credibly argue Defendants intended to cause leaks into their Premises.

Therefore, the Fourth Count should be dismissed.

## CONCLUSION

For the reasons above, the Complaint should be dismissed in its entirety.

Dated: Purchase, New York
      November 27, 2024

                        Respectfully,

                        MILBER, MAKRIS, PLOUSADIS
                        & SEIDEN, LLP

By :   _____
        Michael Hemway, Esq. (3355)
        *Attorneys for Defendants*
        100 Manhattanville Road, Suite 4E20
        Purchase, New York 10577
        Tel: 914-681-8700
        Email: mhemway@milbermakris.com

13